Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4561 | **DATE** | 10/27/2004 |
| **CASE TITLE** | Lefebvre vs. Duff & Phelps | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion, plaintiff's motion to remand is granted and defendant's motion to dismiss is denied. This matter is hereby ordered remanded back to the Circuit Court of Cook County of Illinois. All pending dates and motions before this Court are hereby stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS LEFEBVRE,

    Plaintiff,

v.       No. 04 C 4561

DUFF & PHELPS INVESTMENT
MANAGEMENT COMPANY,

    Defendant.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Thomas Lefebvre's ("Lefebvre") motion to remand and Defendant's Duff & Phelps' ("Duff") motion to dismiss. For the reasons stated below, we grant the motion to remand and deny the motion to dismiss.

## BACKGROUND

Lefebvre began working for Duff in May of 1997. In January 2002, Lefebvre entered into a written agreement ("severance agreement") with Duff for a one time, lump sum severance payment in the event that Lefebvre was terminated.

1

The agreement provided that Duff would pay a one time severance payment that equaled one year's salary in addition to an amount equal to the highest of Lefebvre's incentive bonuses. Under the agreement, if Lefebvre was terminated for cause, Duff would not be required to honor the severance agreement. On January 31, 2003, Duff terminated Lefebvre's employment. Lefebvre contends that he was not paid the funds that were owed to him under the severance agreement.

Lefebvre brought an action against Duff in Illinois state court and filed a four count complaint which included a breach of contract claim (Count I), an Illinois Wage Payment Collection Act, 810 ILS 115/2 claim (Count II), an Attorneys Fees in Wage Action Act, 705 ILCS 225/1, claim (Count III), and a claim seeking prejudgment interest pursuant to the Illinois Interest Act, 815 ILCS 204/2 (Count IV). Duff subsequently removed the action to federal court. Lefebvre has filed a motion to remand and Duff has filed a motion to dismiss.

## LEGAL STANDARD

A party may file a motion to remand the case for improper removal based on lack of subject matter jurisdiction pursuant to 28 U.S.C. 1447(c). The party seeking the removal bears the burden of establishing federal jurisdiction. *Doe v. Allied Signal, Inc,* 985 F.2d 908, 911 (7 th Cir. 1993). Any doubt regarding jurisdiction should be resolved in favor of remanding to the state. *Id.* Further, removal is only proper where the state-court claims could have been originally brought in federal

court. 28 U.S.C. 1441: *Caterpillar Inc. v. Williams*, 482 U.S.386, 392 (1987). In the Seventh Circuit "the removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003)

## DISCUSSION

Duff based the removal of this action to federal court on its contention that Lefebvre's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Rem. Notice. Par 1, 7). In the instant action the severance agreement contains language indicating that the agreement is "an unfounded welfare plan for purposes of the Employee Retirement Income Security Act of 1974, as amended." (Agr. 4). However, the language in the agreement is not determinative because the parties cannot "confer federal jurisdiction over local contract disputes by agreement" by artificially characterizing their agreement as an ERISA plan. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir. 1985).

In order to determine whether a "severance plan falls within ERISA's coverage" the court must assess "whether the plan requires an ongoing administrative program to meet the employer's obligation" and "ERISA applies when a severance plan potentially places 'periodic demands on [an employer's] assets that create a need for financial coordination and control.'" *Bowles v.*

3

*Quantum Chemical Co.*, 266 F.3d 622, 631 (7th Cir. 2001). However, a plan that consists of a "one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation" and does not fall within the scope of ERISA. *Id.* The Seventh Circuit has also indicated that a court should consider whether or not the employer is required to make "nonclerical judgment calls *on multiple occasions.*" *Id.* (emphasis added).

### A. Cause Determination

Duff argues that the severance agreement creates an ongoing administrative scheme because Duff must determine whether or not Lefebvre was fired for cause. The severance agreement specifically provided that Lefebvre would not be eligible for severance pay if he was "dischare[d] for cause." (Agr. 1). The severance agreement further provides that "cause" means: 1) "the commission of an act of embezzelment or fraud or any act of dishonesty against Duff and Phelps, its parent or any afiliates thereof," 2) "neglect of [Lefebvre's] assigned duties for a period of at least 90 days after written notice of such neglect has been delivered to you specifying the factual basis for such charge," and 3) "engaging in conduct that is or was demonstrably injurious to Duff & Phelps, its parent or any affiliates thereof." (Agr. 2). The fact that a determination had to be made regarding whether or not Lefebvre was fired for cause does indicate an ongoing administrative program. Duff was only required under the agreement to determine whether Lefebvre was fired for

4

conduct such and that which was "demonstrably injurious" to Duff. The determination as to why he was fired, would be made prior to or shortly after the act of firing occurred, and thus a simple check of Lefebvre's personnel file should have supplied all the information necessary to make such determinations for the severance agreement. To the extent that any determination needed to be made, it did not require multiple decisions and it did not require decisions to be made on an ongoing basis. There is no indication that an ongoing administrative program would need to be in place to make such a determination.

### B. Confidentiality Agreement

Duff also argues that the severance agreement creates an ongoing administrative scheme because, according to Duff, Lefebvre must continue to comply with all confidentiality agreements and Duff must continue to monitor Lefebvre's compliance with the confidentiality agreement. The severance agreement provided that Lefebvre might have access to trade secrets and other confidential proprietary information belonging to Duff and that Lefebvre was not allowed to disclose such information to a third party. (Agr. 3-4). The severance agreement provided that Lefebvre would forfeit his severance pay if he disclosed the confidential information. (Agr. 4). However, there is no indication that the agreement would call for Duff to monitor Lefebvre's compliance with a confidentiality agreement any more than Duff monitors other current or former

5

employees that signed confidentiality agreements, but did not sign a severance agreement. The confidentiality agreement also mirrors the requirements set forth for employees under the Illinois Trade Secrets Act which comes into play when an employer possesses trade secrets and makes efforts to keep certain information confidential. Thus, the alleged duty to monitor Lefebvre's compliance with his confidentiality agreement in connection with his severance agreement is an illusory duty to the extent that it already existed prior to the creation of the severance agreement and would continue to exist in the absence of the severance agreement.

### C. Appeals Process

Duff also argues that the severance agreement creates an ongoing administrative scheme because Duff is required to establish an appeals process for the denial of a claim under the severance agreement. The severance agreement provides that the "Plan Administrator shall establish and maintain a reasonable claims procedure, including a procedure for appeal of denied claims." (Agr. 3). However, the appeals process need not entail any complex or ongoing administrative process to address the appeal. Lefebvre would only be entitled to a one time lump sum payment under the severance agreement and a cursory review of the claim denial and Lefebvre's personnel records would provide sufficient information for an appeal decision to be rendered. There would not be any requirement for any ongoing decision making under the severance agreement even with an appeals

6

process. Thus, this aspect of the severance agreement is not sufficient to deem the appeals process an ongoing administrative scheme and bring the severance agreement within the scope of ERISA.

## CONCLUSION

Based on the foregoing analysis, we grant Lefebvre's motion to remand the case to the Circuit Court of Cook County of Illinois. We also deny Duff's motion to dismiss as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 27, 2004